IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUBREY D'ONOFRIO SNYDER**<br>West Chester, PA 19382<br><br>       *Plaintiff,*<br><br>    v.<br><br>**SOLVENTUM US, LLC**<br>2510 Conway Avenue<br>St. Paul, MN 55144<br><br>and<br><br>**3M COMPANY**<br>2510 Conway Avenue<br>St. Paul, MN 55144<br><br>and<br><br>**3M HEALTHCARE US OPCO LLC**<br>2510 Conway Avenue<br>St. Paul, MN 55144<br><br>       *Defendants.* | CIVIL ACTION NO.: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

## I. INTRODUCTION

Plaintiff, Aubrey D'Onofrio Snyder ("Plaintiff"), brings this action against her former employers, Solventum US, LLC; 3M Company; and 3M Healthcare US Opco LLC (collectively, "Defendants"), for discriminating against her because of her sex and pregnancy. Defendants subjected Plaintiff to a hostile work environment and terminated her because of her sex, her pregnancy, and in retaliation for her anticipated maternity leave.

Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended,

1

43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks all appropriate relief, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.     PARTIES

1.      Plaintiff, Aubrey D'Onofrio Snyder, is an individual and a citizen of the Commonwealth of Pennsylvania, residing in West Chester, PA.

2.      Plaintiff is female and was pregnant during her employment with Defendants.

3.      Defendant Solventum US, LLC maintains a principal place of business at 2510 Conway Avenue, St. Paul, MN 55144.

4.      Defendant 3M Company maintains a principal place of business at 2510 Conway Avenue, St. Paul, MN 55144.

5.      Defendant 3M Healthcare US Opco LLC maintains a principal place of business at 2510 Conway Avenue, St. Paul, MN 55144.

6.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

7.      At all relevant times, Plaintiff worked out of her home office in Pennsylvania.

8.      At all relevant times, Defendants employed twenty (20) or more employees.

9.      At all relevant times, Defendants acted as integrated and/or joint employers of Plaintiff.

10.      At all relevant times, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

11.      At all relevant times, Defendants, collectively and individually, acted as employers

2

within the meaning of the statutes which form the basis of this matter.

12.    At all relevant times, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

### III.    JURISDICTION AND VENUE

13.    The causes of action which form the basis of this matter arise under Title VII and the PHRA.

14.    This Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331.

15.    This Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

16.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of Pennsylvania and Defendants are not citizens of Pennsylvania

17.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

18.    On or about November 14, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination alleged herein. The Charge of Discrimination was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the Charge of Discrimination (with personal identifying information redacted).

19.    On or about June 10, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's Charge of Discrimination. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice.

3

20. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. <u>FACTUAL ALLEGATIONS</u>

20. Plaintiff was hired by Defendants on or about September 20, 2021.

21. Plaintiff last held the position of Wound Care Clinical Educator.

22. Plaintiff last reported to Shannon Francois (female), Operations Manager.

23. At all relevant times, Plaintiff worked out of her home office in Pennsylvania.

24. Plaintiff consistently performed her job duties in a competent manner.

25. On February 8, 2024, Plaintiff learned that she was pregnant and due on October 14, 2024.

26. In February 2024, Plaintiff received a bonus.

27. In April 2024, Plaintiff received a salary increase.

28. On or about April 15, 2024, Plaintiff informed Tamara Stanton (female), Manager, who was Plaintiff's supervisor at the time, that she was pregnant and due on October 14, 2024.

29. In May 2024, Plaintiff began reporting to Francois.

30. On or about May 29, 2024, Plaintiff informed Francois that she was pregnant and due on October 14, 2024.

31. Francois stated that she would figure out a position for Plaintiff after she returned from her maternity leave.

32. After Plaintiff disclosed her pregnancy, she was treated differently and worse and in a more hostile and dismissive manner.

33. Plaintiff was excluded from meetings and communications related to her job duties.

34. Plaintiff had work removed from her and assigned to other employees.

35.    Plaintiff requested more work to be assigned to her, but her requests were denied.

36.    Francois told Plaintiff that she did not want to give her more work because she was pregnant and would be going on maternity leave.

37.    Francois discouraged Plaintiff from seeking advancement opportunities and other positions at Defendants.

38.    On or about July 24, 2024, in a phone call and email with Defendants' third-party administrator, Plaintiff provided requested information in connection with her maternity leave, with an anticipated start date of October 14, 2024.

39.    On August 21, 2024, in a meeting with Francois and Karsen Krueger (female), Human Resources Solutions Partner, Defendants terminated Plaintiff's employment, effective October 5, 2024.

40.    The reason provided to Plaintiff for her termination was "position elimination."

41.    Plaintiff was not placed on any progressive discipline prior to her termination.

42.    Plaintiff was not transferred to any other position for which she was qualified instead of being terminated

43.    Before Plaintiff disclosed her pregnancy, she had no indication that her job was in jeopardy.

44.    Plaintiff was the only employee directly reporting to Francois, out of approximately twelve (12) employees in her department, terminated on August 21, 2024.

45.    Defendants notified Plaintiff of termination when she was thirty-two and a half (32.5) weeks pregnant.

46.    Defendants notified Plaintiff of termination within seven and a half (7.5) weeks of her maternity leave.

47.    Plaintiff's effective termination date was nine (9) days before her scheduled maternity leave.

48.    Plaintiff's sex was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of her, including, without limitation, in the creation of the hostile work environment to which Plaintiff was subjected and in her termination.

49.    Plaintiff's pregnancy and anticipated maternity leave was a motivating and/or determinative factor in connection with Defendants' discriminatory and retaliatory treatment of her, including, without limitation, in the creation of the hostile work environment to which Plaintiff was subjected and in her termination.

50.    The conduct of Defendants, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment were altered and the working environment was hostile or abusive.

51.    As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I - TITLE VII

51.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

52.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

53.    Defendants acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

54.    As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

55.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

56.    No previous application has been made for the relief requested herein.

### COUNT II - PHRA

57.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

58.    By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the PHRA.

59.    Said violations were intentional and willful.

60.    As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

61.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

62.    No previous application has been made for the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)    enjoining and permanently restraining the violations alleged herein;

(d)    entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)    awarding damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(f)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g)    awarding punitive damages to Plaintiff under Title VII;

(h)    awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

(i)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j)      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

By:     */s/ Daniel S. Orlow*
DANIEL S. ORLOW, ESQ.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
orlow@consolelaw.com

Dated: 07/28/2026                    *Attorneys for Plaintiff*

9